FILED
JAMES J. VILT, JR. - CLERK

JUL 25 2022

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Dear Clerk,

Enclosed is a Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

There are a total of nine Plaintiffs who are all pro se litigants and inmates currently house at the Grayson County Detention Center in Leitchfield Kentucky.

Where information (such as the names of the Plaintiffs, Statement of Claims, Relief Sought, and Declaration Under Penalty of Purjury) would not fit in the space provided on the form, attachments were included.

If possible we ask that you would please send us a form to fill out in order to request that an attorney be appointed to represent us because we are untrained in the law, unable to afford private counsel, and as claimed in the Complaint, the Defendants are actively prohibiting us from acessing sufficent research material to prosecute this case.

We also anticipate that upon being served with this suit the Defendants will immediately transfer us to different facilities or further restrict our access to the courts and legal research material.

# FORM A

Rev. 10/10

**CIVIL RIGHTS COMPLAINT TO BE USED BY A *PRO SE* PRISONER UNDER 42 U.S.C. § 1983 or UNDER *BIVENS V. SIX UNKNOWN FED. NARCOTICS AGENTS***

FILED
JAMES J. VILT, JR. - CLERK
JUL 25 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

James Salmon
Thomas Burkett
Dontrae Thomas. (additional plaintiffs on attachment 1)
(Full name of the Plaintiff(s) in this action)

v.

CIVIL ACTION NO. 4:22-CV-104-JHM
(To be supplied by the clerk)

Grayson County Kentucky
Jason Woosley
Jason VanMeter
Bryan Henderson
Lisa England
(Full name of the Defendant(s) in this action)

( ) DEMAND FOR JURY TRIAL

(X) NO JURY TRIAL DEMAND
(Check only one)

## I. PARTIES

**(A) Plaintiff(s).** Place the full name of the Plaintiff in the first blank below, his/her place of confinement, address, and status. Repeat this procedure for each additional Plaintiff named, if any.

(1) Name of Plaintiff: James Salmon

Place of Confinement: Grayson County Detention Center

Address: 320 Shaw Station Road, Leitchfield, Kentucky, 42754

Status of Plaintiff: CONVICTED (X) PRETRIAL DETAINEE ( )

(2) Name of Plaintiff: Thomas Burkett

Place of Confinement: Grayson County Detention Center

# Additional Plaintiffs Continued

4.) Miguel Aguilar (PRETRIAL DETAINEE)
5.) Luis DeLeon (PRETRIAL DETAINEE)
6.) Carlton Smith (CONVICTED)
7.) Tresean Howard (PRETRIAL DETAINEE)
8.) Marvin Thomas (PRETRIAL DETAINEE)
9.) Allante Brown (PRETRIAL DETAINEE)

All Plaintiffs Place of Confinement:
Grayson County Detention Center
320 Shaw Station Road
Leitchfield, KY. 42754

Address: 320 Shaw Station Road, Leitchfield, Kentucky, 42754

Status of Plaintiff: CONVICTED ( ) PRETRIAL DETAINEE (X)

(3) Name of Plaintiff: Dontrae Thomas

Place of Confinement: Grayson County Detention Center

Address: 320 Shaw Station Road, Leitchfield, Kentucky, 42754

Status of Plaintiff: CONVICTED (X) PRETRIAL DETAINEE ( )

**(B) Defendant(s).** Place the full name of the Defendant in the first blank below, his/her official position title in the second blank, and his/her place of employment in the third blank. Mark the capacity in which the Defendant is being sued. Repeat this procedure for each additional Defendant named, if any.

(1) Defendant Jason Woosley is employed as Jailer at Grayson County Detention Center.

The Defendant is being sued in his/her (X) individual and/or (X) official capacity.

(2) Defendant Jason Vanmeter is employed as Chief Deputy at Grayson County Detention Center.

The Defendant is being sued in his/her (X) individual and/or (X) official capacity.

(3) Defendant Bryan Henderson is employed as Colonel at Grayson County Detention Center.

The Defendant is being sued in his/her (X) individual and/or (X) official capacity.

(4) Defendant Lisa England is employed as Commissary Administrator at Grayson County Detention Center.

The Defendant is being sued in his/her (X) individual and/or (X) official capacity.

(5) Defendant Grayson County, Kentucky is employed as Municipal Government at Grayson County Kentucky.

The Defendant is being sued in his/her (__) individual and/or (X) official capacity.

## II. PREVIOUS LAWSUITS

(A) Have you begun other lawsuits in State or Federal court dealing with the <u>same facts</u> involved in this action? YES (__) NO (X)

(B) If your answer to "A" is YES, describe the lawsuit in the spaces below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.

Parties to the previous lawsuit:

Plaintiff(s): N/A

Defendant(s): N/A

Court (if federal court, name the district. If state court, name the county):

N/A

Docket number: N/A

Name of judge to whom the case was assigned: N/A

Type of case (for example, habeas corpus or civil rights action): N/A

Disposition (for example, Was the case dismissed? Is it still pending? Is it on appeal?):

N/A

Approximate date of filing lawsuit: N/A

Approximate date of disposition: N/A

## III. STATEMENT OF CLAIM(S)

State here the FACTS of your case. State how you believe your constitutional rights were violated. Describe how each Defendant violated your rights. And set forth the dates on which each event took place. Do not make legal arguments or cite cases or statutes. However, identify the constitutional right(s) you allege was/were violated. If you intend to assert multiple claims, number and set forth each claim in separate paragraphs.

1.) On June 6, 2022 Lisa England, an employee at the Grayson County Detention Center located in Grayson County Kentucky, with the knowledge and consent of GCDC officials Jason Woosley, Jason VanMeter, and Bryan Henderson, acted with deliberate indifference to the constitutional civil rights of the plaintiffs when she appropriated money from the commissary accounts of 14 different inmates as restitution for a 19 inch television that was damaged by a single inmate that was suffering from a mental health crisis.

The total amount of money taken from the group of inmates was more than twice the amount of the cost of the damaged television. The money was taken from the inmates without their authorization or consent and without any evidence of wrongdoing by any of the inmates who were not responsible for the damage to the television.

There were no disciplinary reports issued

**III. STATEMENT OF CLAIM(S) continued**

nor were any disciplinary proceedures initiated. Prior to the deprivation of property (money) the inmates did not recieve notice or a hearing, nor was the deprivation of property the result of a conviction of a crime, jail rule infraction, nor State or federal court order to pay restitution or reimbursement.

Each of the inmates have exhausted their administrative remedies (via grievances and appeals) as well as sent letters to each of the defendants informing them that the practice under which the inmates money had been taken was not only in direct violation of documented jail rules, but was also a violation of the inmates right to due process.

The defendants acknowledged that there was no evidence of wrongdoing by anyone and they therefor deemed everyone responsible. This despite the fact that after a brief investigation jail officials determined which inmate was actually responsibe for damaging the television and

III Statement of Claims Continued Attachment 1 of 4

removed him from the cell with the other inmates prior to deducting money from all of the inmates accounts.

In order to circumvent the due process requirements of jail disciplinary proceedures, officials at the Grayson County Detention Center have conspired to adopt and implement an unwritten policy of summarily appropriating relatively small sums of money from large groups of inmates who are housed in areas of the jail where GCDC property is either damaged or destroyed. The sums of these 'group deductions' is usually in excess of two to three times the amount of the cost of the property which was damaged or destroyed. This practice has been in place for at least ten years and has netted thousands of dollars in ill gained proceeds for the Grayson County Detention Center.

2.) Officials Jason Woosley, Jason VanMeter, and Bryan Henderson have implemented a policy which effectively denies indigent pro se federal inmates and pretrial detainees access to legal reference materials. This deprivation of the right of inmates to access the courts is intentionally being done by the defendants with deliberate indifference and subsequent to having recieved notice of the constitutional violations via letters and grievances from inmates which in their contents and manner

III. Statement of Claims Continued Attachment 2 of 4

of transmission, gave the defendants sufficent notice to alert them to a violation of law.

The GCDC law library is grossly inadequate and is largely comprised of federal law books that are several decades old, missing pages, and in most instances are missing entire volumes. There is not a single legal reference book from 2022.

Although GCDC has one of the largest most profitable federal contracts (to house federal inmates) in the state of Kentucky, GCDC officials not only refuse to update their Law Library by adding new law books or employing a more practical and cost effective electronic legal research database, as nearly every other Kentucky jail that houses federal and state inmates has, but GCDC officials have implemented a policy that denies the delivery of all legal reference material from non-attorneys.

This policy makes it literally impossible for pro se defendants and litigants, such as the Plaintiffs in this legal action, to access any up to date legal statutes, case laws, or recent court precedents.

There is no legitimate security or safety concern to justify this policy considering the fact tha ALL incoming inmate mail, including PRIVILEGED LEGAL MAIL, is opened and photo copied by GCDC staff with the original documents being destroyed and the photo copy then being delivered to the inmate. Thus eleminating any possibility of "drug laced paper or

III Statement of Claims Continued Attachment 3 of 4

ink from being introduced into the facility.

The policy of refusing to allow pro se inmates to have legal reference material mailed to them is therefor a thinly veiled attempt to discourage pro se civil rights actions against the jail and it's employees. The jail officials refusial to provide or even allow inmates access adequate legal reference and research material has been the subject of hundreds of grievances from federal and state pre-trial detainees as well as Federal Bureau of Prisons and Kentucky Department of Corrections inmates being housed at the Grayson County Detention Center.

GCDC officials over the past ten years have consistantly responded to the inmate grievances by unequivocally stating that they have absolutely no intention of ever updating their Law Library or adding an electronic legal research system such as Lexis Nexus, nor are they willing to consider changing their policy of refusing to allow indigent and pro se inmates to recieve legal reference and research material in the mail.

3.) GCDC officials have an unwritten policy, practice and custom of retaliating against inmates who attempt to seek relief in the courts. This includes practices such as transfering plaintiffs to far away facilities, moving plaintiffs to less desirable housing

III Statement of Claims Continued Attachment 4 of 4

units within the jail, claiming to have "inadvertantly lost" inmate plaintiffs commissary and other property, and subjecting inmates to repeated cell searches and other forms of harassment.

## IV. RELIEF

State exactly what you want the Court to do for you. (If you seek relief which affects the fact or duration of your imprisonment (for example: release from illegal detention, restoration of good time, expungement of records, release on parole), you must also file your claim under 28 U.S.C. §§ 2241, 2254 or 2255.) The Plaintiff(s) want(s) the Court to:

X award money damages in the amount of $ See Attachment 6 (a), (b)

X grant injunctive relief by See Attachment 6 (a), (b)

X award punitive damages in the amount of $ 500.00 per Plaintiff.

_____ other: ____________________

## V. DECLARATION UNDER PENALTY OF PERJURY (each Plaintiff must sign for him/herself)

I, the undersigned, declare under penalty of perjury that the information contained in this document is true and correct.

This 19 day of July, 2022.

[signature]
(Signature of Plaintiff)

Thomas Burkhart [signature]
(Signature of additional Plaintiff)

T Thomas [signature]
(Signature of additional Plaintiff)

I hereby certify that a copy of this complaint was delivered to the prisoner mail system for mailing on July 19, 2022.

[signature]
(Signature)

Attachment (6) (b)

# IV. RELIEF

Award money damages in the amount of:
$ 100.00 to each Plaintiff, plus court cost

Grant injunctive relief by:

1) Order Defendants to immediateyl end the practice of deducting money from inmates accounts for restitution without proof of wrongdoin, disciplinary report or hearing, or the due process requirements afforded to inmates facing disciplinary proceedures.

2) Order Defendants to either provide Grayson County Detention Center inmates with access to an updated electronic legal reference database or updated legal research books.

3.) Order Defendants to immediately end the practice of forbiding pro se defendants and litigants from having legal research material sent to them in the mail from non-attorneys.

4.) Order Defendants not to engage in any form of retaliation or harassment against the Plaintiffs in this suit

Attachment 6(a)

# V. DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare under penalty of perjury that the information contained in this document is true and correct.

This 19th day of July, 2022.

1) James Salmon [signature]
2) Thomas Burkett [signature]
3) Dontrae Thomas [signature]
4) Luis DeLeon [signature]
5) Miguel Aguilar [signature]
6) Carlton Smith [signature]
7) Tresean Howard [signature]
8) Marvin Thomas [signature]
9) Allante Brown [signature]

I hereby certify that a copy of this complaint was delivered to the prisoner mail system for mailing on July 20, 2022

[signature]
(Signature)

James Salmon #230065
Grayson County Detention Center
320 Shaw Station Road
Leitchfield, Kentucky. 42754



GRAYSON COUNTY DETENTION CENTER

Clerk, United States District Court
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, Kentucky. 40202

**FILED**
JAMES J. VILT, JR. - CLERK
JUL 25 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY